UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRO GOLF OF AMERICA, INC.,

        Plaintiff,

v.

FIFTH THIRD PROCESSING
SOLUTIONS, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 06-13986

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

# REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Defendants' Motion to Dismiss be denied.

**II.**    **REPORT**:

    **A.**    **Procedural History**

The Complaint in this action was originally filed in the Oakland County Circuit Court on August 4, 2006. Defendants filed their Notice of Removal to this Court on September 8, 2006. Defendants' Answer and Affirmative Defenses were filed on September 15, 2006. On December 4, 2006, the district judge entered a Scheduling Order. The Order established a discovery cut-off date of May 1, 2007.

On December 27, 2006, Plaintiff filed a Voluntary Petition in Bankruptcy. On February 27, 2007, the Bankruptcy Court entered an Order appointing Plaintiff's attorney as special counsel for purposes of maintaining this action. A settlement conference was convened on March 5, 2007, but no settlement was achieved. On Friday, April 27, 2007, counsel for Plaintiff served Interrogatories, Requests for Production of Documents and nine

(9) Deposition Notices to Defendants. Defendants declined to respond to the interrogatories and document requests, or to produce the witnesses for deposition. On June 1, 2007, Defendants filed a Motion to Dismiss, based upon Plaintiff's failure to tender a witness list and to otherwise prosecute its case. Plaintiff filed a response on June 15, 2007, together with its Motion to Compel Answers to Interrogatories and Deposition Testimony and to Extend Discovery. On June 22, 2007, Defendants filed a reply brief in support of its Motion to Dismiss, as well as a response to Plaintiff's Motion to Compel.

On June 15, 2007, the district judge entered an Order of Reference to the magistrate judge for hearing and determination of Plaintiff's discovery motion. On July 10, 2007, a second Order of Reference was issued, directing the filing of a Report and Recommendation on Defendants' Motion to Dismiss. The motions were brought on for hearing on September 13, 2007. Following the hearing, the magistrate judge entered an Order Granting Plaintiff Leave to File a Witness List, allowing limited discovery and extending the discovery cut-off for thirty (30) days. Counsel for the parties were further notified that a recommendation to deny Defendants' Motion to Dismiss would be presented to the district judge. Plaintiff's counsel prepared and submitted a proposed order. By oversight, the Order was entered electronically on September 20, 2007, before review by the magistrate judge. Because the proposed order erroneously stated that the Motion to Dismiss was denied, an Amended Order was entered on October 3, 2007.

**B.     Analysis**

Fed.R.Civ.P. 41(b) provides as follows:

> **(b) Involuntary Dismissal: Effect thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of

2

> any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates an adjudication upon the merits.

Fed.R.Civ.P. 41(b).

Defendants' Motion to Dismiss is premised upon the failure of Plaintiff's counsel to prosecute the case with reasonable dispatch. The motion is far from frivolous. The Court's Scheduling Order was entered following a conference attended by counsel for both sides. While Plaintiff asserts that its voluntary petition in bankruptcy is responsible for its delay in prosecuting this action, the record indicates that only sixty (60) days of delay can reasonably be attributed to that cause. Thus, Plaintiff had two (2) months following the bankruptcy court's order appointing his attorney to pursue this action. Notwithstanding the bankruptcy proceedings, Defendants' counsel was able to pursue and complete discovery.

In our Circuit, four factors are employed in assessing the appropriateness of dismissing a complaint for failure to prosecute: (1) whether the party's failure is due to wilfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate would lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal. Knoll v. AT&T, 176 F.3d 359 (6th Cir. 1999); Stough v. Mayville Community School, 138 F.3d 612, 615 (6th Cir. 1998).

Considering the first factor enunciated in Knoll, I find that the failure of Plaintiff's counsel to act following his appointment by the Bankruptcy Court on February 27, 2007 was not due to wilfulness or bad faith. Plaintiff did respond to Defendants' discovery

3

requests and did participate in the settlement conference, indicating an intent to proceed with this litigation as well as a willingness to meet its obligations to the Defendants. I conclude that the failure to file timely discovery requests was the result of neglect, and that Plaintiff's counsel is at fault. Nonetheless, I do not believe the fault was so great as to warrant the dismissal of the Complaint.

Defendants' Motion to Dismiss is specifically based upon Plaintiff's failure to submit a Witness List by the February 15, 2007 deadline imposed in the Court's Scheduling Order. The theory underlying the motion is that, having failed to designate witnesses, Plaintiff has rendered it impossible to prove any of its claims in this action. In my view, Defendants have failed to show any significant prejudice by reason of Plaintiff's lapse. The deadline for exchange of witnesses expired during the sixty (60) day delay imposed by reason of Plaintiff's bankruptcy action. While it is true that Plaintiff's counsel had sufficient time following the removal of that impediment to provide a Witness List, Defendants have produced no evidence that submission of a delayed list will impede its ability to defend this action. It is clear, however, that granting the Motion to Dismiss would severely prejudice the Plaintiff.

There is no indication on this record that Plaintiff had been warned that failure to prosecute his action would lead to dismissal. While it is reasonable to conclude that counsel for Plaintiff was aware of the provisions of Fed.R.Civ.P. 41(b), there is no evidence of a more specific warning of a potential for dismissal.

In ruling upon Plaintiff's Motion to Compel Discovery, the magistrate judge imposed substantial limitations on Plaintiff's discovery requests. Defendants are only obliged to answer four (4) interrogatories, and Plaintiff is limited to four (4) depositions during the thirty

(30) day extended discovery period. Conversely, Defendants may depose any of the persons listed on Plaintiff's Witness List. Further, Plaintiff was ordered to list only those witnesses whom it will actually call to testify at trial. In my view, such strictures constitute a reasonable, though significant, sanction for Plaintiff's inattentiveness, while still preserving its ability to prosecute its claims. Discovery was only extended for a period of thirty (30) days following Defendants' responses to Plaintiff's discovery requests. That delay is not so substantial as to prejudice the Defendants, but will require Plaintiff's counsel to act with dispatch in preparing the case for trial.

Ultimately, my recommendation against dismissal is based upon the fact that such action would work primarily to the detriment of the Plaintiff itself, rather than his offending counsel. While the Supreme Court has held that "[t]here is . . . no merit to the contention that dismissal of [a plaintiff's] claim because of his counsel's un-excused conduct imposes an unjust penalty on the client," the sanction of dismissal runs counter to the deeply rooted judicial policy favoring determination of cases on their merits. Our Circuit Court of Appeals "has expressed an extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney." Mulbah v. Detroit Board of Education, 261 F.2d 586, 590 (6th Cir. 2001); Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999).

Because dismissal is such a harsh remedy, and for the reasons discussed herein, I recommend that Defendants' Motion for Dismissal be denied and that the case be scheduled for trial on the merits.

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof

as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Smith v. Detroit Federation of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer_____<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: October 3, 2007

___

### CERTIFICATE OF SERVICE

I hereby certify on September 27, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 27, 2007. **None.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217